Nov. Term, 1849.

RUSSELL
v.
RUSSELL.

---

RUSSELL *v.* RUSSELL.—In error.

A Court granting a divorce on the application of a wife for the cruel treatment, &c., of her husband, cannot, by decreeing alimony in lieu of dower, divest her of her dower-interest in her husband's real estate.

*WILLIAM RUSSELL* filed a petition against *Sarah Russell,* praying for a divorce. She answered, denying the allegations of the petitioner, and filed a cross-bill charging him with cruel treatment, &c.

The Court below dismissed the petition and granted a divorce upon the cross-bill, decreeing *Sarah Russell* 400 dollars alimony in lieu of dower.

The only error complained of is the decree of alimony in *lieu of dower.* The provisions of the present statute on that subject, R. S. p. 603, ss. 53 to 61, authorize the Courts, where a decree is granted for the misconduct of the husband and where the estate brought by the wife and restored to her on the divorce is not sufficient for her support, to grant such alimony out of his estate as shall be just and reasonable. There is no provision authorizing a grant of alimony in lieu of dower, but it is provided that the Courts shall not have power to divest either party of their title to, or interest in, any real estate further than is expressly provided for. In this case it appears that *William Russell* had real estate in which, under the fifty-seventh section, his wife, upon a divorce granted, was entitled to dower, and the decree giving her alimony in lieu of this right was erroneous.

It is suggested by the counsel for the defendant in error, that the words, "*in lieu of dower,*" where they occur in the decree, may be regarded as surplusage, but this would be doing injustice to the plaintiff in error, as the value of the right of dower, which the Court intended to divest by the decree, was probably considered in estimating the amounts proper to be allowed in alimony. The decree giving alimony is reversed. Cause remanded, &c.